JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
CAPITAL ONE BANK (USA), N.A.

**DEFENDANTS**
EDMUND G. BROWN, JR., in his capacity as Attorney General of the State of California

**(b)** County of Residence of First Listed Plaintiff City of Richmond, Virginia
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant San Francisco County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
James F. McCabe         MORRISON & FOERSTER LLP
James R. McGuire        425 Market Street
Rita F. Lin             San Francisco, CA 94105-2482
Sarah E. Griswold       (415) 268-7000

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury — Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | [X] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 365 Personal Injury — Product Liability | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R.& Truck | [ ] 830 Patent | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | **PERSONAL PROPERTY** [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability / [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA(1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| | | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | **Habeas Corpus:** [ ] 530 General | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / [ ] 550 Civil Rights | [ ] 463 Habeas Corpus - Alien Detainee | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights / [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
12 U.S.C. § 484; 42 U.S.C. § 1983
Brief description of cause:
Plaintiff seeks declaratory and injunctive relief from Defendant's unlawful attempts to exercise visitorial powers.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- **DEMAND $**
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE". Not applicable.

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
- [X] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE

DATE: May 2, 2008
SIGNATURE OF ATTORNEY OF RECORD: James F. McCabe 1556

American LegalNet, Inc.
www.FormsWorkflow.com

ORIGINAL

JAMES F. MCCABE (CA SBN 104686)
JMcCabe@mofo.com
JAMES R. MCGUIRE (CA SBN 189275)
JMcGuire@mofo.com
RITA F. LIN (CA SBN 236220)
RLin@mofo.com
SARAH E. GRISWOLD (CA SBN 240326)
SGriswold@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Plaintiff
CAPITAL ONE BANK (USA), N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CAPITAL ONE BANK (USA), N.A.,

Plaintiff,

v.

EDMUND G. BROWN, JR., in his capacity as Attorney General of the State of California,

Defendant.

Case No. CV 08 2289

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
(12 U.S.C. § 484; 42 U.S.C. § 1983)

Plaintiff Capital One Bank (USA), N.A. ("Plaintiff") alleges as follows:

**OVERVIEW OF THE ACTION**

1. Plaintiff brings this action to require the Attorney General of the State of California (the "Attorney General") to comply with long-established federal law. The Attorney General seeks to exercise rights of "visitation" over Plaintiff by demanding that Plaintiff respond to information requests directed at whether their credit card marketing, advertising, issuing, servicing, and related banking practices violate California or federal law. Plaintiff is a national bank, and as such is an instrumentality of the federal government, authorized under the National Bank Act (12 U.S.C. §§ 21 *et seq.*) to exercise enumerated and incidental powers related to the business of banking. Plaintiff is subject to the exclusive visitorial power of the Office of the

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
sf-2501236

1

1  Comptroller of the Currency ("OCC") under the Visitorial Powers Statute, 12 U.S.C. § 484.
2  "Visitorial powers" include the power to examine books and records of a national bank, as well as
3  the power to enforce a national bank's compliance with applicable law in the exercise of its
4  federally authorized banking functions.

**PARTIES**

6  2.  Plaintiff Capital One Bank (USA), N.A. is a national bank organized under the
7  National Bank Act, as administered by the OCC, and is headquartered in Virginia. Capital One
8  Bank (USA), N.A. is a wholly-owned subsidiary of Capital One Financial Corporation, a publicly
9  traded company. Capital One Bank (USA), N.A. provides traditional banking services to its
10 customers, including receiving deposits, cashing checks, making loans, and extending credit
11 through credit cards. Capital One Bank (USA), N.A. was formerly chartered as Capital One
12 Bank, a Virginia general purpose bank, but on March 1, 2008, converted its charter to that of to a
13 national banking association organized under the National Bank Act. Assets and records
14 formerly owned by Capital One Bank are now owned by Capital One Bank (USA), N.A. To the
15 extent this Complaint refers to Capital One Bank (USA), N.A., that term includes Capital One
16 Bank.

17 3.  Defendant Edmund G. Brown, Jr. is the Attorney General of the State of California
18 and is sued herein in his official capacity. He maintains offices at 455 Golden Gate Avenue,
19 Suite 11000, San Francisco, California.

**JURISDICTION AND VENUE**

21 4.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.
22 § 1331, in that it arises under the Constitution and laws of the United States, including the
23 Supremacy Clause of the United States Constitution, U.S. Const. art. VI, the National Bank Act,
24 the regulations duly promulgated thereunder, and 42 U.S.C. § 1983. In addition, jurisdiction is
25 proper under 28 U.S.C. § 1343(a)(3), in order to protect federal rights and immunities that are
26 subject to deprivation under color of state law. This Court is authorized to issue a declaratory
27 judgment pursuant to 28 U.S.C. §§ 2201-02.

28

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF                                                2
sf-2501236

5.  Venue of this action is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this district.

### INTRADISTRICT ASSIGNMENT

6.  Pursuant to Civil Local Rule 3-2(c), assignment to the San Francisco Division is proper because a substantial part of the events or omissions which give rise to Capital One Bank (USA), N.A.'s claims occurred in San Francisco County.

### FACTUAL ALLEGATIONS

7.  On or about November 13, 2006, Defendant made demands upon "Capital One" for production of books and records concerning and interviews with employees knowledgeable about various banking practices of Plaintiff. The Attorney General's demand stated that "the California Attorney General has substantial concerns about the credit card practices of Capital One. We are offering you the opportunity to meet with us before we determine what action, if any, should be taken to address these concerns." The subjects on which interviews and documents were requested included solicitation of credit card account applications mentioning balance transfers, issuance of credit cards on reaffirmation of preexisting debt, account closing practices, and some

8.  At the time of the Attorney General's demand, the only affiliates of Capital One Financial Corporation that had theretofore offered credit card accounts to U.S. residents were Capital One Bank and Capital One, F.S.B. a federally chartered savings bank. On July 1, 2007, Capital One, F.S.B. merged into Capital One, N.A., a national bank. In that transaction, Capital One, F.S.B.'s credit card receivables relating to "Capital One" credit card accounts and associated records were transferred to Capital One Bank, which has since converted to Capital One Bank (USA), N.A. All credit card accounts established with the "Capital One" mark and their related records – whether opened with Capital One Bank, Capital One, F.S.B. or with Capital One Bank (USA) N.A. – are currently held by Plaintiff.

9.  On receipt of the information demand, Plaintiff began discussions with the Attorney General's Office in an effort to understand the nature of any specific business practices of concern, to work with the Attorney General's Office to narrow the scope of the requests. Plaintiff provided a number of documents responsive to the Attorney General's demands, as well as a

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF          3
sf-2501236

narrative description of certain credit card practices, in December, 2006. The Attorney General made further requests for documents and information regarding Plaintiff's credit card lending in January, 2007. Plaintiff provided further information responsive to the Attorney General's demands in the fall of 2007.

10. The OCC acknowledged in its publicly available Weekly Bulletin for the week ended September 8, 2007 that on September 4, 2007 it received from Capital One Bank an application to convert its charter to that of a national bank. The OCC acknowledged in its publicly available Weekly Bulletin for the week ended October 20, 2007 that it approved that application on October 19, 2007.

11. As of March 1, 2008, Capital One Bank, a Virginia state-chartered bank, converted its charter to that of a national banking association organized under the National Bank Act, as administered by the OCC, and known as Capital One Bank (USA), N.A. Capital One Bank's assets are now owned by Capital One Bank (USA), N.A.

12. On March 18, 2008, Plaintiff advised the Attorney General of its charter conversion, and explained that the OCC now exercises complete and exclusive visitorial powers over Plaintiff, which include the ability to inspect Plaintiff's books and records and to enforce Plaintiff's compliance with applicable federal and state laws concerning its banking practices.

13. On April 8, 2008, the Attorney General responded by letter, making demands for inspection of Plaintiff's books and records regarding its exercise of its banking powers. The Attorney General also asked that "Capital One" enter into a form of tolling agreement that recited:

> The California Attorney General is conducting an inquiry into [COMPANY NAME]'s practices and the Attorney General and [COMPANY NAME] have begun discussions with respect to the Attorney General's concerns regarding what it views as [COMPANY NAME]'s possible violations of Business and Professions Code sections 17200 and 17500 and other possible violations of statutory and common law. The Attorney General has refrained from filing any action in connection with those concerns during the discussion.

1  The form provided for a waiver of all of "Capital One's" defenses based on delay or passage of
2  time that might be applicable with respect to "any action brought by the People based on causes
3  of action that exist on" a date to be entered into the Attorney General's form tolling agreement.
4     14.  On May 2, 2008, counsel for the Plaintiff, in a telephone conference with Deputy
5  Attorney General Kathrin Sears, asked that the Attorney General withdraw both his request for
6  inspection of books and records relating to the banking business of Plaintiff and his request for a
7  tolling agreement with respect to claims against "Capital One." DAG Sears declined to withdraw
8  the Attorney General's requests.

**FIRST CAUSE OF ACTION**
**(For Injunctive Relief Based Upon**
**the Visitorial Powers Statute and the National Bank Act)**

15.  Plaintiff realleges and fully incorporate by reference each of the preceding paragraphs as if fully set forth herein.

16.  The pertinent provisions of the Visitorial Powers Statute, which is part of the National Bank Act, are codified at 12 U.S.C. § 484(a) and provide as follows:

> No national bank shall be subject to any visitorial powers except as authorized by Federal law, vested in the courts of justice or such as shall be, or have been exercised or directed by Congress or by either House thereof or by any committee of Congress or of either House duly authorized.

17.  The Comptroller of the Currency, the officer authorized by Congress to charter national banks and to regulate them, is authorized by 12 U.S.C. § 93a to issue regulations with respect to the National Bank Act.

18.  The Comptroller of the Currency has issued, as part of Title 12, Chapter I, Part 7 of the Code of Federal Regulations, certain regulations at section 7.4000 thereof, entitled "Visitorial Powers" (the "Visitorial Powers Regulations").

19.  In 12 C.F.R. section 7.4000(a)(1), the Visitorial Powers Regulations provide:

> Only the OCC or an authorized representative of the OCC may exercise visitorial powers with respect to national banks . . . . State officials may not exercise visitorial powers with respect to national banks, such as conducting examinations, inspecting or requiring the production of books or records of national banks, or prosecuting enforcement actions, except in limited circumstances authorized by federal law.

1  20. The Visitorial Powers Regulations have the force of federal law.

2  21. Through his issuance of multiple letters requesting production of banking records and his request for a tolling agreement to extend the time in which he might sue the Plaintiff, the Attorney General impermissibly and unlawfully attempts to exercise visitorial powers that state officials are prohibited from exercising by federal law.

22. Through the requests for production of banking records, and the request for a tolling agreement, the Attorney General seeks to investigate and bring suit with respect to Plaintiff's credit card activities. By attempting to enforce such laws against what is now a national bank, the Attorney General impermissibly and unlawfully attempts to exercise visitorial powers that state officials are prohibited from exercising by federal law.

23. Unless enjoined by order of this Court, the Attorney General threatens to investigate and to sue Plaintiff for possible violations of federal or state law, in violation of the United States Constitution (Supremacy Clause), the Visitorial Powers Statute, the Visitorial Powers Regulations, and the National Bank Act by exercising visitorial powers over a national bank and obstructing and conditioning its exercise of incidental and enumerated powers under the National Bank Act and its implementing regulations.

24. Such violation of federal law by the Attorney General will inflict irreparable harm on Plaintiff and will violate its legal rights under federal law.

25. Plaintiff has no adequate remedy at law.

26. Accordingly, Plaintiff prays that the Court, preliminarily and permanently, issue an injunction requiring the Attorney General and his agents to cease and desist from all attempts to investigate or bring suit against Plaintiff regarding banking activities.

**SECOND CAUSE OF ACTION**
**(For Declaratory Relief Based Upon**
**the Visitorial Powers Statute and the National Bank Act)**

27. Plaintiff realleges and fully incorporate by reference each of the preceding paragraphs as if fully set forth herein.

28. A real and justiciable controversy exists between the Attorney General, on the one hand, and the Plaintiffs, on the other. Plaintiff contends that the Attorney General may not,

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF  6
sf-2501236

1  consistent with the United States Constitution, the Visitorial Powers Statute, the Visitorial Powers
2  Regulations, and the National Bank Act, investigate or sue Plaintiff regarding banking activities.
3  The Attorney General contends otherwise.

4  29. Accordingly, Plaintiff prays that the Court issue a declaratory judgment that the Attorney General and his agents may not, consistent with the United States Constitution, the Visitorial Powers Statute, the Visitorial Powers Regulations, and the National Bank Act, investigate or sue Plaintiff regarding banking activities.

### THIRD CAUSE OF ACTION
### (For Injunctive Relief Based Upon 42 U.S.C. § 1983)

30. Plaintiff realleges and fully incorporate by reference each of the preceding paragraphs as if fully set forth herein.

31. Under federal law, including the United States Constitution (Supremacy Clause), the Visitorial Powers Statute, the Visitorial Powers Regulations, the National Bank Act, and the regulations duly promulgated thereunder, a national bank has the right to be free from unlawful attempts to exercise visitorial powers over it and the right to be free from unlawful attempts to obstruct or condition its exercise of its incidental and enumerated banking powers.

32. The Attorney General seeks and threatens to deprive Plaintiff of its rights to be free from unlawful exercises of visitorial powers and unlawful attempts to obstruct and condition the exercise of its incidental and enumerated banking powers.

33. The Attorney General has purported to act under color of state law.

34. Unless enjoined by order of this Court, the Attorney General threatens to investigate or sue the Plaintiff regarding banking activities, in violation of 42 U.S.C. § 1983, under color of state law, by exercising visitorial powers over Plaintiff and obstructing and conditioning its exercise of incidental and enumerated powers under the National Bank Act.

35. Such violation of federal law by the Attorney General will inflict irreparable harm on Plaintiff and will violate its legal rights under federal law.

36. Plaintiff has no adequate remedy at law.

37. Accordingly, Plaintiff prays that the Court, preliminarily and permanently, issue an injunction requiring the Attorney General and his agents to cease and desist from all attempts to investigate or bring suit against Plaintiff regarding banking activities.

**FOURTH CAUSE OF ACTION**
**(For Declaratory Relief Based Upon 42 U.S.C. § 1983)**

38. Plaintiff realleges and fully incorporate by reference each of the preceding paragraphs as if fully set forth herein.

39. A real and justiciable controversy exists between the Attorney General, on the one hand, and Plaintiff, on the other. Plaintiff contends that the Attorney General may not, consistent with 42 U.S.C. § 1983, investigate or sue Plaintiff regarding banking activities. The Attorney General contends otherwise.

40. Accordingly, Plaintiff prays that the Court issue a declaratory judgment that the Attorney General and his agents may not, consistent with 42 U.S.C. § 1983, investigate or sue Plaintiff regarding banking activities.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

A. Entry of a declaratory judgment that the Attorney General and his agents may not, consistent with the United States Constitution, the Visitorial Powers Statute, the Visitorial Powers Regulations, the National Bank Act, and 42 U.S.C. § 1983, investigate or sue Plaintiff regarding banking activities;

B. Since Plaintiff has no adequate remedy at law and is threatened with irreparable injury, issuance of temporary, preliminary, and permanent injunctions, requiring the Attorney General and his agents to cease and desist from all attempts to investigate or bring suit against Plaintiff regarding banking activities;

C. Costs incurred in maintaining this suit;

D. Reasonable attorneys' fees and other expenses incurred in maintaining this suit; and

1  E. Such other and further relief as the Court may deem just and proper.

2  Dated: May 2, 2008

JAMES F. MCCABE
JAMES R. MCGUIRE
RITA F. LIN
SARAH E. GRISWOLD
MORRISON & FOERSTER LLP

By: /James F. McCabe / SEG
      James F. McCabe

Attorneys for Plaintiff
CAPITAL ONE BANK (USA), N.A.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF                                9
sf-2501236