JAMES F. MCCABE (CA SBN 104686)
JMcCabe@mofo.com
JAMES R. MCGUIRE (CA SBN 189275)
JMcGuire@mofo.com
RITA F. LIN (CA SBN 236220)
RLin@mofo.com
SARAH E. GRISWOLD (CA SBN 240326)
SGriswold@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Plaintiff
CAPITAL ONE BANK (USA), N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CAPITAL ONE BANK (USA), N.A.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EDMUND G. BROWN, JR., in his capacity as Attorney General of the State of California,<br><br>　　　　　Defendant. | Case No.　C08-02289-SC<br><br>**PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT; [PROPOSED] ORDER**<br><br>Date:　　　　　August 15, 2006<br>Time:　　　　　10:00 a.m.<br>Department:　　1<br>Judge:　　　　　Hon. Samuel Conti<br><br>Complaint Filed:　May 2, 2008<br>Trial Date:　　　TBA |

PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT; [PROPOSED] ORDER
CASE NO. C08-02289-SC
sf-2556639

1

In accordance with Rule 26(f) of the Federal Rules of Civil Procedure and Civil Local Rule 16-9, Plaintiff Capital One Bank (USA), N.A. ("COBNA") submits this initial Case Management Statement and Proposed Order.

# INTRODUCTION

## 1. Procedural Introduction

Having advised Defendant Edmund G. Brown, Jr., in his capacity as Attorney General of the State of California (the "Attorney General"), of the nature of its claims, and unable to resolve the issues, Plaintiff Capital One Bank (USA), N.A. the complaint in this case on May 2, 2008.

Defendant has not yet been served. Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff has 120 days, or until September 2, 2008, to serve Defendant. COBNA requests that the Court set a further Case Management Conference for October 10, 2008 at 10:00 a.m., by which time Defendant will have been served. COBNA further requests that the Court approve a 60-day extension of time in which Defendant can respond to complaint once it is served. Such extension would permit the parties to continue to attempt to resolve their differences without burdening the Court with motion practice.

# CASE MANAGEMENT CONFERENCE DATE

The initial Case Management Conference in this matter is currently set for August 15, 2008.

# DESCRIPTION OF THE CASE

## 1. Brief Description of the Events Underlying the Action

On or about November 13, 2006, the Attorney General demanded that "Capital One" produce books and records concerning and interviews with employees knowledgeable about various banking practices of Plaintiff. The subjects on which interviews and documents were requested included solicitation of credit card account applications mentioning balance transfers, issuance of credit cards on reaffirmation of preexisting debt, and account closing practices.

At the time of the Attorney General's demand, the only affiliates of Capital One Financial Corporation that had theretofore offered credit card accounts to U.S. residents were Capital One Bank and Capital One, F.S.B. a federally chartered savings bank. On July 1, 2007, Capital One,

F.S.B. merged into Capital One, N.A., a national bank. Capital One, F.S.B.'s credit card receivables relating to "Capital One" credit card accounts and associated records were transferred to Capital One Bank. As of March 1, 2008, Capital One Bank has converted to Capital One Bank (USA), N.A., a national banking association organized under the National Bank Act. All credit card accounts established with the "Capital One" mark and their related records – whether opened with Capital One Bank, Capital One, F.S.B. or with Capital One Bank (USA) N.A. – are currently held by Plaintiff.

The Attorney General made further requests for documents and information regarding Plaintiff's credit card lending in January 2007 and through April 2008. COBNA engaged in discussions with the Attorney General in an effort to understand the nature of any specific business practices of concern, to work with the Attorney General to narrow the scope of the requests. COBNA has provided nearly 4,000 pages of documents responsive to the Attorney General's demands, as well as a number of narrative descriptions of certain credit card practices.

On March 18, 2008, COBNA advised the Attorney General of its charter conversion, and explained that the OCC now exercises complete and exclusive visitorial powers over Plaintiff, which include the ability to inspect Plaintiff's books and records and to enforce Plaintiff's compliance with applicable federal and state laws concerning its banking practices. On April 8, 2008, the Attorney General responded by letter, making additional demands for inspection of Plaintiff's books and records regarding its exercise of its banking powers. On May 2, 2008, the Attorney General declined to withdraw its demands for inspection, and COBNA filed this complaint.

COBNA brings this action to require the Attorney General to comply with long-established federal law. The Attorney General seeks to exercise rights of "visitation" over Plaintiff by demanding that Plaintiff respond to information requests directed at whether their credit card marketing, advertising, issuing, servicing, and related banking practices violate California or federal law. Plaintiff is a national bank, and as such is an instrumentality of the federal government, authorized under the National Bank Act (12 U.S.C. §§ 21 *et seq.*) to exercise enumerated and incidental powers related to the business of banking. Plaintiff is subject to the

exclusive visitorial power of the Office of the Comptroller of the Currency ("OCC") under the Visitorial Powers Statute, 12 U.S.C. § 484. "Visitorial powers" include the power to examine books and records of a national bank, as well as the power to enforce a national bank's compliance with applicable law in the exercise of its federally authorized banking functions.

**2.  Principal Factual Issues Disputed by the Parties**

None at this time.

**3.  Principal Legal Issues Disputed by the Parties**

a)  Can the Attorney General exercise rights of "visitation" over a national bank by demanding that COBNA respond to information requests directed at whether its credit card marketing, advertising, issuing, servicing, and related banking practices violate California or federal law?

b)  Is COBNA entitled to declaratory relief?

c)  Is COBNA entitled to permanent injunctive relief against Defendant?

d)  Is COBNA entitled to recover its attorneys' fees and costs?

**4.  Parties Not Served**

Defendant Edmund G. Brown, Jr., in his capacity as Attorney General of the State of California, has not yet been served. While Plaintiff did not formally serve Defendant, it did provide Defendant with a courtesy copy of the complaint. Plaintiff filed this complaint on May 2, 2008. Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff has 120 days, or until September 2, 2008, to serve Defendant.

**5.  Additional Parties**

COBNA has no additional parties to add at this time, but reserves the right to amend the complaint in light of discovery.

**6.  Additional Claims**

COBNA has no additional claims at this time, but reserves the right to amend its complaint in light of discovery.

**7.  Consent to Assignment to Magistrate Judge**

COBNA does not consent to assignment to a Magistrate Judge.

**8.     Alternative Dispute Resolution**

Pursuant to Civil Local Rule 16-8(b), the undersigned certifies that he has read the brochure entitled "Dispute Resolution Procedures in the Northern District of California," discussed the available dispute resolution options provided by the Court and private entities with Plaintiff; and considered whether this case might benefit from any of the available dispute resolution options.  COBNA does not believe this case is suitable for Alternative Dispute Resolution.

## DISCLOSURES

**9.     Initial Disclosures**

COBNA will provide Defendant with its initial disclosures pursuant to the timeline set forth in Federal Rule of Civil Procedure 26(a)(1)(C).

## DISCOVERY

**10.    Discovery Plan**

COBNA and Defendant have engaged in pre-litigation discovery pursuant to California Government Code section 11180 *et seq*.  COBNA has provided Defendant with nearly 4,000 pages of documents as well as oral and written narrative responses to requests for information from Defendant.

COBNA submits the following discovery proposal:

   a)   **Scope of Discovery**: COBNA anticipates full use of all the tools of discovery in this matter.

   b)   **Party depositions:**  COBNA proposes 6 depositions per side.

   c)   **Interrogatories:**  COBNA proposes 30 interrogatories per side, reserving the right to seek leave of court if more interrogatories are needed.

   d)   **Requests for Production of Documents:**  COBNA proposes no limits on the number of Requests for Production of Documents per side.

   e)   **Request for Admissions:**  COBNA proposes no limits on the number of Requests for Admission per side.

f) **Entry of a Protective Order:** COBNA believes that a protective order governing confidentiality in this action will needed before it produces confidential documents.

## DISCOVERY AND TRIAL SCHEDULE

COBNA requests a May 4, 2009 trial date, and estimates that the trial will take three court days. COBNA propose the following discovery and trial schedule:

| Event | Applicable Rule | Proposed Date |
|---|---|---|
| Service of Complaint on Defendant | Fed. R. Civ. P. 4(m) | September 2, 2008 |
| Federal Rule of Civil Procedure 26(f) Conference | Fed. R. Civ. P. 26(f)(1) | September 19, 2008 |
| Last Day to File Joint Case Management Statement | Fed. R. Civ. P. 26(f)(2) | October 3, 2008 |
| Last Day to Serve Federal Rule of Civil Procedure 26(a) Initial Disclosures | Fed. R. Civ. P. 26(a)(1)(C) | October 3, 2008 |
| Case Management Conference | | October 10, 2008 |
| Close of Fact Discovery | | January 9, 2009 |
| Initial Expert Reports | Fed. R. Civ. P. 26(a)(2)(C)(i) | February 3, 2009 |
| Rebuttal Expert Reports | Fed. R. Civ. P. 26(a)(2)(C)(ii) | March 5, 2009 |
| Close of Expert Discovery | | March 5, 2009 |
| Last Day to File Dispositive Motions | Civil Local Rule 7-2 | April 10, 2009 |
| Last Day to Provide a Draft Pretrial Order | Civil Local Rule 16-10(d) | April 21, 2009 |
| Final Pretrial Conference and Hearing Regarding Motions in Limine | | May 1, 2009 |

| Event | Applicable Rule | Proposed Date |
|---|---|---|
| Trial | | May 4, 2009 |

Dated: August 14, 2008

JAMES F. MCCABE
JAMES R. MCGUIRE
RITA F. LIN
SARAH E. GRISWOLD
MORRISON & FOERSTER LLP

By: /s/ James F. McCabe
James F. McCabe

Attorneys for Plaintiff
CAPITAL ONE BANK (USA), N.A.

**CASE MANAGEMENT ORDER**

A further Case Management Conference is set for October 10, 2008 at 10:00 a.m. before this Court. The parties are ordered to file a Joint Case Management Statement no later than October 3, 2008. The Court hereby approves a 60-day extension of time in which Defendant can respond to complaint once it is served.

Dated: _____   _____
                                                                  Senior Judge Samuel Conti
                                                                  United States District Court